**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



C. Kathryn Preston
United States Bankruptcy Judge

**Dated: June 20, 2018**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 17-54061 |
| MICHAEL ANDREW NEUBIG, | : | |
| | : | Chapter 7 |
| Debtor. | : | |
| _____ | : | Judge C. Kathryn Preston |
| | : | |
| CAPTURE EDUCATIONAL CONSULTING | : | Adv. Pro. No. 17-02150 |
| SERVICES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANDREW NEUBIG, | : | |
| | : | |
| Defendant. | : | |

### STIPULATED JUDGMENT

Plaintiff Capture Educational Consulting Services, Inc. ("Capture") and Defendant

Michael Andrew Neubig ("Neubig") (collectively the "Parties") hereby stipulate to entry of

judgment as follows:

1.      The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b).

3.      Venue of this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

4.      On June 26, 2017, Neubig filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") commencing case no. 17-54061 (the "Bankruptcy Case") in the United States Bankruptcy Court for Southern District of Ohio (the "Bankruptcy Court").

5.      On October 2, 2017, Capture filed a complaint commencing adversary proceeding no. 17-2150 in the Bankruptcy Court (the "Adversary Proceeding") against Neubig for entry of a judgment for damages caused to Capture by Neubig and a finding that such judgment is nondischargeable pursuant to sections 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code.

6.      Neubig failed to answer the complaint in the Adversary Proceeding, resulting in the entry of his default on February 22, 2018 (Doc. 13).

7.      Capture filed a Motion for Default Judgment, which is set to come before the Bankruptcy Court on June 19, 2018;

8.      The Parties have reached a settlement of the Adversary Proceeding evidenced by a settlement agreement entered into by the Parties and dated as of June 15, 2018 (the "Settlement Agreement"), attached hereto as Exhibit A.  Capitalized terms used herein without definition shall have the meanings attributed to them in the Settlement Agreement.  As part of their settlement, the Parties have agreed that the payments and obligations outlined in the Settlement

Agreement are to be secured by a nondischargeable judgment granted and entered in favor of Capture and against Neubig for the sum of $750,000.00 (the "Judgment"). The Judgment shall be entered but shall become subject to execution by or on behalf of Capture only as set forth herein. Notwithstanding the preceding sentence, Capture may request that the Clerk of this Court issue a certificate of judgment to any relevant Ohio court under the applicable provisions of section 2329.02 of the Ohio Revised Code.

9.     The Judgment will be subject to execution by or on behalf of Capture or its successor in interest under the Settlement Agreement if Neubig defaults under the terms of the Settlement Agreement. Pursuant to the terms of the Settlement Agreement, in the event:

- Neubig fails to timely make an Installment Payment;

- Neubig fails to timely make the Balloon Payment; and/or

- Neubig fails to timely transfer the Shares to Capture;

then Neubig shall be in default.

10.     Pursuant to the terms of the Settlement Agreement, in the event of a default, Capture may provide Neubig with a written default notice (a "Default Notice"). Neubig shall have 7 days from the date the Default Notice is sent to cure the default (the "Cure Deadline"). If any default is not fully cured by the Cure Deadline, then Capture shall be entitled to pursue all statutory and other rights of execution upon the Judgment in the full amount thereof.

11.     If Neubig performs in full under the Settlement Agreement within the times and in the manner set forth in the Settlement Agreement, then this Judgment shall become null and void.

12.     Neubig waives the filing of military affidavits, or notice of entry of the Judgment in accordance with any local, state or federal rules.

13.     This Judgment may be executed in any number of counterparts.  Each counterpart shall be deemed to be an original and when taken together with the other signed counterparts shall constitute one instrument, which shall be binding and effective as to the Parties to this Judgment.  This Judgment may be brought into effect by facsimile or electronic signature, which shall be treated as an original.

14.     This Judgment is entered in to pursuant to the Settlement Agreement and the settlement negotiated by the Parties.  Each of the Parties hereto specifically warrants having full authority to execute and enter into this Judgment and agrees to execute and deliver such other additional agreements, instruments and documents, as may reasonably be necessary or requested, to effectuate the intention, purpose, terms and conditions of this Judgment.

15.     All of the terms of this Judgment shall be binding upon and inure to the benefit of, and be enforceable by, the Parties hereto.

16.     No waiver of any term, covenant or condition of this Judgment shall be construed as a waiver of any other term, covenant or condition, nor shall any waiver of any default under this Judgment be construed as a continuing waiver of any term, condition or covenant or as a waiver of any other default.  Furthermore, in the event any portion of this Judgment is found, judicially or otherwise, to be unlawful, void or, for any other reason, unenforceable, that provision shall be deemed severable from this Judgment and the invalidity or lack of enforceability shall not affect the validity and enforceability of the remaining portions of this Judgment.

17.     This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to the Settlement Agreement or this Stipulated Judgment and to hear and determine all matters arising from or related to the interpretation or the implementation of the Settlement Agreement or this Judgment. The Parties hereby consent to the jurisdiction of the Bankruptcy Court to enter final orders to resolve any disputes or controversies between the Parties hereto arising from or related to the Settlement Agreement or this Judgment. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to the Settlement Agreement or this Judgment shall be brought on proper notice in accordance with the relevant Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court. Nothing in the Settlement Agreement or this Judgment, however, shall prevent Capture from obtaining a certificate of judgment from the Bankruptcy Court, from having the Stipulated Judgment or a certificate of judgment recognized as a foreign judgment in another court, or from pursuing proceedings in aid of execution under state law in any jurisdiction where such a certificate of judgment has been filed or the Stipulated Judgment has been recognized.

18.     Neubig agrees that neither this Judgment, nor any provision of the Settlement Agreement, constitutes a penalty.

Accordingly, the Court hereby enters final judgment in favor of Capture and against Neubig in the amount of $750,000.00 and finds that same is nondischargeable under sections 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code.  Each side to bear its own costs.

**IT IS SO ORDERED.**

Copies to:
Victoria E. Powers (electronic service)
Daniel M. Anderson (electronic service)
Michael Andrew Neubig, 6977 Dean Farm Road, New Albany, OH 43054

[The Parties' signatures appear on the following pages]

Acknowledged and Agreed:

MICHAEL ANDREW NEUBIG

By: _____

Name: _____

STATE OF OHIO              )
                           )       SS:
COUNTY OF _____          )

    On this 18th day of June, 2018, before me, a Notary Public in and for said State, personally appeared MICHAEL ANDREW NEUBIG and in my presence acknowledged that he is duly authorized to execute the foregoing Stipulated Judgment, and he did sign and swear to the foregoing Stipulated Judgment before me and acknowledged that the same is his free and voluntary act and deed.

    *In Witness Whereof*, I have hereunto set my hand and official seal. _____

Notary Public
My Commission Expires: N/A _____

VICTORIA E. POWERS
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

[Signature page for Michael Andrew Neubig]

Acknowledged and Agreed:

CAPTURE EDUCATIONAL CONSULTING SERVICES, INC.

By: _____

Its: _____
Board Chairman

Name: _____
Daniel H. Quigg


STATE OF OHIO            )
                         )        SS:
COUNTY OF Franklin       )

On this 18 day of June 2018, before me, a Notary Public in and for said State, personally appeared Daniel Quigg as Board Chairman of Capture Educational Consulting Services, Inc., and in my presence acknowledged that he/she is duly authorized to execute the foregoing Stipulated Judgment on behalf of Capture Educational Consulting Services, Inc., and did sign and swear to the foregoing Stipulated Judgment before me and acknowledged that the same is the free and voluntary act and deed of Capture Educational Consulting Services, Inc.

*In Witness Whereof*, I have hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: _____
My Commission is a
Lifetime Commission

[Signature page for Capture Educational Consulting Services, Inc.]

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), dated as of June 15, 2018 (the "Effective Date"), is by and among Michael Andrew Neubig, an individual ("Neubig"), and Capture Educational Consulting Services, Inc., a Delaware corporation ("Capture") (Neubig and Capture are each a "Party" and collectively are the "Parties").

## RECITALS

WHEREAS, Neubig is a former officer of Capture;

WHEREAS, Capture's records reflect that Neubig holds 733,352.4054 shares of Capture common stock and 366,676.2027 shares of Capture preferred A stock;

WHEREAS, Capture's records reflect that Neubig's wife Caroline Neubig holds, through EduGreat LLC, 10,981.7345 shares of Capture preferred A stock;

WHEREAS, on June 26, 2017, Neubig filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") commencing case no. 17-54061 (the "Bankruptcy Case") in the United States Bankruptcy Court for Southern District of Ohio (the "Bankruptcy Court");

WHEREAS, on October 2, 2017, Capture filed a complaint commencing adversary proceeding no. 17-2150 in the Bankruptcy Court (the "Adversary Proceeding") against Neubig entry of a judgment for damages caused to Capture by Neubig and a finding that such judgment is nondischargeable pursuant to sections 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code;

WHEREAS, Neubig failed to answer the complaint in the Adversary Proceeding, resulting in the entry of his default on February 22, 2018;

WHEREAS, Capture filed a Motion for Default Judgment, which is set to come before the Bankruptcy Court on June 19, 2018;

WHEREAS, Capture and Neubig desire to settle the Adversary Proceeding to avoid the time and expense of further litigation;

NOW, THEREFORE, in consideration of the mutual promises set forth in this Agreement and for other good and valuable consideration, the receipt of which is by this Agreement acknowledged, the Parties agree as follows:

<u>**AGREEMENT**</u>

1.    <u>Recitals Incorporated</u>.  The foregoing recitals, prefatory phrases and paragraphs (the "<u>Recitals</u>") are incorporated by reference into and expressly made part of this Agreement, and the Parties represent and warrant that, as to the matters within their respective knowledge, the foregoing Recitals are true and accurate.

2.    <u>Agreed Settlement Terms</u>.  The Parties agree to all of the following settlement terms:

a.    **Settlement Payment**. Neubig agrees to pay Capture the aggregate amount of $325,000 (the "<u>Settlement Amount</u>"), in installments totaling $42,000.00 over five years (the "<u>Installment Payments</u>" and each an "<u>Installment Payment</u>"), followed by a balloon payment of $283,000.00 (the "<u>Balloon Payment</u>").  Each Installment Payment shall be due on the fifteenth (15th) day of each month beginning on July 15, 2018 according to the following schedule:

- $300.00 per month for months 1 through 12;
- $500.00 per month for months 13 through 24;
- $700.00 per month for months 25 through 36;
- $900.00 per month for months 37 through 48; and
- $1,100.00 per month for months 49 through 60.

The Balloon Payment shall be due on or before June 15, 2023.  To be timely, Capture must receive each Installment Payment and the Balloon Payment on or before the date said payment is due.  Neubig may pay any amount due under this Agreement in advance of its due date without

penalty.  Neubig shall make each Installment Payment and the Balloon Payment by certified

check or money order delivered to Capture at the mailing address provided for in Section 3 of

this Agreement, or by wire transfer to an account approved of by Capture in writing.

        b.    **Return of Shares.**  Contemporaneously with his execution of this

Agreement, Neubig shall transfer and deliver to Capture all shares of Capture stock held directly

or indirectly by him, his wife, or any family member (with the exception of Brady Churches), or

by any entity that the preceding persons own or are affiliated with, including, without limitation,

the shares described in the Recitals (the "Shares"), and by signing this Agreement, relinquishes,

on his behalf and on behalf of his wife and any entity with an interest in the Shares, all

ownership, right, title, and interest in and to the Shares.  Neubig represents and warrants that the

Shares have not been and will not be transferred except as provided for by this Agreement, and

that he has the authority to authorize the transfer and relinquishment of rights set forth in this

paragraph.

        c.    **Stipulated Judgment**.  The Parties agree to entry in the Adversary

Proceeding of a nondischargeable judgment of $750,000.00 in favor of Capture and against

Neubig in substantially the form attached hereto (the "Stipulated Judgment").  If in the event:

- Neubig fails to timely make an Installment Payment;

- Neubig fails to timely make the Balloon Payment; and/or

- Neubig fails to timely transfer all of the Shares to Capture;

then Neubig shall be in default of this Agreement (a "Triggering Default").  In the event of a

Triggering Default, Capture may provide Neubig with a written default notice (a "Default

Notice").  The Default Notice shall be provided to Neubig in the manner set forth in Section 3 of

this Agreement.  Neubig shall have 7 days from the date a Default Notice is sent to cure the

default (the "Cure Deadline").  If any default is not fully cured by the Cure Deadline, then Capture shall be entitled to pursue all statutory and other rights of execution upon the Stipulated Judgment in the full amount thereof.  Nothing in this paragraph shall prevent Capture from enforcing a breach by Neubig under this Agreement that is not a Triggering Default.

           d.      **Non-disparagement**.  The Parties agree that, from the Effective Date forward, neither Party may make, publish, or endorse any public or private statement, whether written or oral, that disparages, defames, criticizes, blames, or otherwise negatively or derogatorily portrays a Party to this Agreement.  This paragraph shall not apply to (1) any effort to enforce this Agreement, (2) a Party's cooperation with law enforcement or a government agency or entity, or (3) any act a Party is compelled to perform in legal proceedings or by otherwise applicable law.

           e.      **Mutual Release**.  Except for: (a) a breach or default of this Agreement or the Stipulated Judgment and any claims arising by reason of any such breach or default; and (b) enforcement of rights, obligations and duties arising under this Agreement or the Stipulated Judgment, Neubig and Capture do hereby fully and finally compromise and settle with, and forever release, remise, relieve, waive, relinquish and discharge each other from, all claims, whether scheduled or filed, all causes or causes of action, suits, debts, dues, demands, obligations, charges, costs, expenses (including but not limited to attorneys' fees), sums of money, controversies, damages, accounts, agreements, covenants, contracts, judgments, reckonings, liens and liabilities of every kind and nature whatsoever, whether at law or in equity, whether based upon statute, common law or otherwise, whether matured, contingent or non-contingent, whether direct or indirect, whether known or unknown, whether suspected or unsuspected, whether or not hidden and without regard to the subsequent discovery or existence

of different or additional facts, which Neubig and Capture ever had, now have, or may claim to have against each other arising out of, based on, asserted in, or in connection with any matter, cause, or thing.

3.    Notice.    Capture may send notices provided for herein to Neubig, at Capture's option, by regular United States mail at the following address, or to such other address that Neubig shall designate to Capture in writing, as acknowledged by Capture:  **Michael Andrew Neubig, 6977 Dean Farm Road, New Albany, OH 43054**; or by electronic mail, to the following address, or to such other address as Neubig shall designate to Capture in writing, as acknowledged by Capture:  **mike.neubig@yahoo.com**.  In the event Neubig's electronic mail address or postal address changes, Neubig agrees that he shall provide prompt notice of such change to Capture.  Unless Neubig has given notice of a change in his mailing or electronic mail addresses, notice delivered to the addresses above shall be valid.  Capture shall not be responsible for any Notice that is not delivered due to a change in notice address that has not been provided to Capture.  Neubig shall deliver any payments or noticed under this Agreement to Capture at: **801 W. Cherry Street, Sunbury, OH 43074**, or to such other address as Capture may designate to Neubig in writing.

4.    Time is of the Essence.    Time is of the essence with respect to each and every covenant, agreement, and obligation of Neubig under this Agreement.  There is no grace period for any notice or payment due under this Agreement.

5.    Entire Agreement.  This Agreement and the Stipulated Judgment, with all exhibits hereto and thereto, constitute the entire agreement and understanding among the Parties with respect to their subject matter, and there are no representations, understandings, or agreements relative to this Agreement that are not fully expressed in this Agreement and/or the Stipulated

Judgment. The Parties acknowledge and agree that there have been no offers or inducements which have led to the execution of this Agreement other than as stated in this Agreement. This Agreement may not be modified, altered, or amended, in whole or in part, except by a written instrument signed by the Party against whom enforcement of any such modification, alteration, or amendment is sought.

6.    Successors and Assigns; No Third Party Beneficiaries.  The respective rights and obligations of the Parties under this Agreement shall inure to the benefit of their respective successors and assigns.  There are no third party beneficiaries of this Agreement.

7.    All Parties are Drafters.  This Agreement has been drafted through a cooperative effort of all of the Parties, and none of the Parties shall be considered the drafter of this Agreement so as to give rise to any presumption or convention regarding construction of this Agreement. Each Party to this Agreement represents and warrants that it has, or has had an opportunity to, fully review the provisions of this Agreement with attorneys of its own choice as a result of which each Party acknowledges that it is entering into this Agreement knowingly, voluntarily, and of its own free will.

8.    Severability.  Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties with respect to the balance of the Agreement.

9.    Counterparts.  This Agreement may be executed in multiple counterparts, any of which need not contain the signatures of more than one Party, but all of which, taken together,

shall constitute one and the same agreement. Facsimile or otherwise electronically transmitted signatures shall be deemed to have the full force and effect of original ink signatures.

      10.    <u>Bankruptcy Court Jurisdiction</u>.   The Bankruptcy Court retains jurisdiction to resolve any disputes or controversies arising from or related to this Agreement or the Stipulated Judgment and to hear and determine all matters arising from or related to the interpretation or the implementation of this Agreement or the Stipulated Judgment. The Parties hereby consent to the jurisdiction of the Bankruptcy Court to enter final orders to resolve any disputes or controversies between the Parties hereto arising from or related to this Agreement or the Stipulated Judgment. Any motion or application brought before the Bankruptcy Court to resolve a dispute arising from or related to this Agreement or the Stipulated Judgment shall be brought on proper notice in accordance with the relevant Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court.   Nothing in this Agreement or the Stipulated Judgment, however, shall prevent Capture from obtaining a certificate of judgment from the Bankruptcy Court, from having the Stipulated Judgment or a certificate of judgment recognized as a foreign judgment in another court, or from pursuing proceedings in aid of execution under state law in any jurisdiction where such a certificate of judgment has been filed or the Stipulated Judgment has been recognized.

      IN WITNESS WHEREOF, this Agreement has been executed, effective as of the date first written above, by:

[The Parties' signatures appear on the following pages]

7 of 9

MICHAEL ANDREW NEUBIG

By: _____

STATE OF OHIO              )
                                     )    SS:
COUNTY OF ___Franklin___     )

On this 18th day of June, 2018, before me, a Notary Public in and for said State, personally appeared MICHAEL ANDREW NEUBIG and in my presence acknowledged that he is duly authorized to execute the foregoing Settlement, and he did sign and swear to the foregoing Settlement Agreement before me and acknowledged that the same is his free and voluntary act and deed.

*In Witness Whereof*, I have hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: ___N/A___

VICTORIA E. POWERS
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Section 147.03 R.C.

[Signature page for Michael Andrew Neubig]

8 of 9

CAPTURE    EDUCATIONAL    CONSULTING
SERVICES, INC.

By: _____

Its: _____
    Board Chairman

Name: _____
        Daniel H. Quigg


STATE OF OHIO                    )
                                 )        SS:
COUNTY OF Franklin               )

On this 18ᵗʰ day of June, 2018, before me, a Notary Public in and for said State, personally
appeared Daniel Quigg as Board Chairma of Capture Educational
Consulting Services, Inc., and in my presence acknowledged that he/she is duly authorized to
execute the foregoing Settlement Agreement on behalf of Capture Educational Consulting
Services, Inc., and did sign and swear to the foregoing Settlement Agreement before me and
acknowledged that the same is the free and voluntary act and deed of Capture Educational
Consulting Services, Inc.

*In Witness Whereof*, I have hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires: _____    My Commission is a
                                           Lifetime Commission


[Signature page for Capture Educational Consulting Services, Inc.]


9 of 9